NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| FREDERICK A. RALSTON | |
| Plaintiff, | Civil No. 18-12800 (RBK/KMW) |
| v. | **OPINION** |
| INTERLINE BRANDS, a Home Depot Company, | |
| Defendant. | |

**Kugler**, United States District Judge:

This matter is before the Court on Interline Brands' ("Defendant") Rule 12(b)(6) motion to dismiss Plaintiff's Amended Complaint.[1] (Doc. No. 6.) For the reasons below, Defendant's motion to dismiss is **GRANTED**, and Plaintiff's Amended Complaint is **DISMISSED**.

## I. BACKGROUND

*Pro se* Plaintiff Frederick A. Ralston brings this workplace discrimination case against his former employer, Interline Brands. Plaintiff worked for Defendant in its Mount Laurel, New Jersey location from 2006 to 2017. (Doc. No. 1, Ex. D at ¶¶ 1, 6 ("Am. Compl.").)

---

[1] Plaintiff originally filed a handwritten complaint in state court, (Doc. No. 1, Ex. A), but the state court dismissed it to the extent it attempted to assert claims for hostile work environment, retaliatory discharge, and slander. (*Id.* at Ex. C.) The court declined, however, to dismiss the original complaint to the extent it asserted a *quid pro quo* sexual harassment claim. (*Id.*) The court then ordered Plaintiff to file an Amended Complaint to cure the filing's deficiencies. (*Id.*) That is the Amended Complaint removed to this Court and at issue here.

Plaintiff alleges that he was "discriminated and retaliated" against in various ways. (Doc. No. 1, Ex. A.) Plaintiff alleges, for example, that he faced discrimination and retaliation after "refusing unwanted sexual advances" from a female supervisor. (Am. Compl. at ¶¶ 1–2.) This supervisor allegedly "leaned-in [sic] to kiss the Plaintiff on the lips," and Plaintiff "stepped aside as to avoid the unwanted sexual advance." (*Id.* at ¶ 2.) Plaintiff further contends that he was "wrongly defamed by being wrongly called 'rude' and 'rudeness.'" (*Id.* at ¶ 9.)

Based on these allegations, Plaintiff filed the Amended Complaint in state court on July 24, 2018. (*See* Am. Compl.) Defendant removed the matter to this Court, invoking its federal question jurisdiction under 28 U.S.C. § 1331. (Doc. No. 1.) Defendant now moves to dismiss Plaintiff's Amended Complaint under Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 6.)

## II. DISCUSSION

Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss an action for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Although *pro se* pleadings are liberally construed, they "still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

Relevant to Plaintiff's discrimination and retaliation allegations, the Third Circuit has made clear that a Title VII complaint must be dismissed when it does not assert that a plaintiff first exhausted administrative remedies by submitting a claim to the Equal Employment Opportunity Commission ("EEOC"). *See Hornsby v. U.S. Postal Serv.*, 787 F.2d 87, 90 (3d Cir. 1986); *see also Itiowe v. NBC Universal, Inc.*, 556 F. App'x 126, 128 (3d Cir. 2014) ("[N]on-exhaustion constitutes a ground for dismissal for failure to state a claim on which relief may be granted under Fed. R. Civ. Pro. 12(b)(6).").

2

Here, any attempted Title VII claim must be dismissed because the Amended Complaint contains no suggestion that Plaintiff exhausted his administrative remedies as required. Nor does Plaintiff provide a right-to-sue letter, which shows such exhaustion. *See Twillie v. Erie Sch. Dist.*, 575 F. App'x 28, 31 (3d Cir. 2014). In fact, Defendant raises Plaintiff's non-exhaustion, and Plaintiff fails to dispute it.

Having dismissed any Title VII claim for non-exhaustion, no federal claims remain against Defendant.[2] Accordingly, the Court declines to exercise supplemental jurisdiction over any attempted state law claim, including any attempted claim for defamation or slander. *See Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000) (quoting *Borough of W. Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995)). The Court also declines to consider any additional arguments that Plaintiff may assert in his improper sur-reply (Doc. No. 11), which he filed without asking for, much less receiving permission. *See Carroll v. Del. River Port Auth.*, No. 13-cv-02833, 2014 WL 3748609, at *1 n.2 (D.N.J. July 29, 2014) (ignoring sur-reply when party failed to request or receive permission to file as required by Local Civil Rule 7.1(d)(6)).

### III. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss Plaintiff's Amended Complaint is **GRANTED**, and Plaintiff's Amended Complaint is **DISMISSED**.

Dated: 3/7/2019  /s/ Robert B. Kugler
ROBERT B. KUGLER
United States District Judge

---

[2] For the first time in his brief in opposition to Defendant's motion to dismiss, Plaintiff attempts to bring a claim under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961. (Doc. No. 11.) But a claim cannot be brought for the first time in an opposition brief. *See Frederico v. Home Depot*, 507 F.3d 188, 201–02 (3d Cir. 2007). Nor can an opposition brief amend a complaint. *See Alfaro v. Client Servs.*, No. 11-05463, 2012 WL 1150845, at *1 n.2 (D.N.J. Apr. 5, 2012).

3